UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN KYLE LEWIS,

      Plaintiff,

v.                              Case No. 3:11-cv-818-J-34MCR

CHRISTOPHER MCFARLAND,

      Defendant.

## ORDER

### I. Status

Plaintiff Jonathan Kyle Lewis, a former inmate of the Florida penal system, initiated this action on August 15, 2011, by filing a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint (Doc. 26) on September 26, 2011; a Second Amended Complaint (Doc. 35) on December 15, 2011; a Third Amended Complaint (Doc. 41) on February 17, 2012; a Fourth Amended Complaint (Doc. 47) on May 16, 2012; a Fifth Amended Complaint (Doc. 54) on July 12, 2012; a Sixth Amended Complaint (Doc. 197) on October 11, 2013; and a Seventh Amended Complaint (Doc. 244) on September 29, 2014. The Court appointed counsel for Lewis on February 25, 2016. See Order Appointing Counsel for Plaintiff (Doc. 260). With the benefit of counsel, Lewis filed an Eighth Amended Complaint (Complaint; Doc. 273) on July 29, 2016. In the Complaint, Lewis names Christopher McFarland, a corrections officer employed at Union Correctional Institution (UCI), as the sole Defendant.

Lewis asserts that McFarland violated his federal constitutional rights when he assaulted Lewis on February 24, 2011. As relief, Lewis requests compensatory and punitive damages.

This matter is before the Court on Defendant McFarland's Partial Motion for Summary Judgment (Motion; Doc. 294). In the Motion, Defendant McFarland asserts that Lewis is barred from recovering compensatory and punitive damages pursuant to 42 U.S.C. § 1997e(e), and therefore the Court should grant summary judgment in his favor as to Lewis's request for emotional, compensatory, and punitive damages. In support of the Motion, McFarland filed his February 24, 2011 Incident Report (Def. Ex. A), excerpts of Antuquoin Byrd's deposition (Def. Ex. B), and a Declaration of Albert Carl Maier, M.D. (Def. Ex. C) with Lewis's medical records from February 2011 through August 2011.

Lewis responded to the Motion on May 30, 2017. See Plaintiff's Response in Opposition to Defendant's Partial Motion for Summary Judgment (Response; Doc. 305). In the Response, he asserts that § 1997e(e) does not bar his recovery of compensatory and punitive damages, especially given that he asserts he was sexually battered, and therefore, Defendant's Motion should be denied. In support of the Response, Lewis filed Anthony Batie's deposition (Batie Dep.; P. Ex. A), Byrd's deposition (Byrd Dep.; P. Ex. B), and his own deposition (Lewis Dep.; P. Ex. C). Defendant's Motion is ripe for judicial review.

## II. Plaintiff's Allegations

Lewis asserts that Defendant McFarland violated his Eighth and Fourteenth Amendment rights when he "engaged in a deliberate and outrageous invasion of Lewis's bodily integrity that shocks the conscience." Complaint at 4, ¶18 (count one). He states that McFarland's "intentional physical contact with Lewis was malicious and designed to injure Lewis." Id. at 5, ¶24 (count two). He also asserts that McFarland "engaged in extreme and outrageous conduct that was intended to, and did, result in severe emotional distress suffered by Lewis." Id. at 5, ¶27 (count three). According to Lewis, while incarcerated at UCI, he often complained about how corrections officers mistreated him, and on several occasions, he filed grievances against those officers, see id. at 2, ¶6, and on at least one occasion, McFarland "took issue with Lewis's complaints" and described him as a "writ writer," id. at ¶7.

On February 24, 2011, McFarland escorted Lewis, who was in full restraints, back from the Test of Adult Basic Education (TABE) testing area to S dormitory. Id. at 2-3, ¶8. During the escort, McFarland sexually harassed Lewis when he "repeatedly hiked Lewis's pants well above his waist line to an uncomfortable level" and stated "you have a fat a--." Id. at 3, ¶9. Although Lewis asked McFarland to leave him alone, see id. at ¶10, McFarland called Lewis a "snitch" and told him to "shut up," id. at ¶11. According to Lewis, McFarland escalated the confrontation when he groped

3

Lewis's posterior and threatened to "beat the sh--" out of Lewis, "f--- [him] up," and "stick a finger in [his] a--." Id. During the incident, McFarland pulled Lewis to the ground, slammed his head on the concrete multiple times, and smeared Lewis's head against the concrete. See id. at ¶12. McFarland also called another corrections officer to "hold [the] n-----'s legs" down to make it appear as if Lewis was resisting McFarland. Id. at ¶13. While another corrections officer "pinned" down Lewis's legs, McFarland started strangling Lewis and then stopped when Lewis "was on the brink of unconsciousness." Id. at ¶14. Lewis alleges that as he attempted to recover while still on the ground, he "felt a finger penetrate his anus." Id. McFarland then took Lewis to the infirmary, where Dr. Nazareno evaluated him and documented injuries to Lewis's face, neck, legs and arm. Id. at ¶15. Lewis suffered bruised ribs, chest and neck pains, and severe headaches for nearly one month. Id. at 3-4, ¶16. He also suffered emotional distress and anxiety and remained fearful of further assaults throughout the remainder of his UCI stay. See id. at 4, ¶16.

### III. Summary Judgment Standard

The Eleventh Circuit set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law controls which facts are material and which are irrelevant. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not

4

rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed.R.Civ.P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).

As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. See Bennett v. Parker, 898 F.2d 1530, 1532–34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no

> reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Howard v. Memnon, 572 F. App'x 692, 694-95 (11th Cir. 2014) (per curiam) (footnote omitted); Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1300 (11th Cir. 2016).

At the summary judgment stage, the Court views all facts in the light most favorable to Plaintiff, as the non-moving party, and draws all inferences in Plaintiff's favor. See McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). "[T]he dispute about a material fact is genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Hinkle, 827 F.3d at 1300 (internal quotations and citation omitted). Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Thus, summary judgment is appropriate only when, under Lewis's version of the facts, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Felio v. Hyatt, 639 F. App'x 604, 606 (11th Cir. 2016) (per curiam) (internal quotations and citation omitted). Partial summary judgment in favor of Defendant McFarland would be proper in this action where no genuine issue of material

6

fact exists as to whether Lewis is entitled to compensatory and punitive damages.

## IV. Law and Conclusions

Defendant McFarland asserts that Lewis suffered only bruises and abrasions (road rash), and therefore his claims for compensatory and punitive damages are barred by 42 U.S.C. §1997e(e),[1] and he is limited to, at most, nominal damages. See Motion at 13. However, Lewis testified that, after McFarland's assault, several corrections officers carried him to the medical triage room because he was unable to walk. See Lewis Dep. at 100, 101. Lewis's medical records show that Nurse Vance provided wound care, documented seven injuries as a result of the incident, and ordered a follow-up examination with Dr. Amador Nazareno, M.D. See Def. Ex. C at 10, Emergency Room Record; 11, Diagram of Injury. According to Lewis, McFarland "slammed" him on the concrete where his face hit the ground, Lewis Dep. at 72-73; banged Lewis's head on the concrete "about ten times" and choked him, see id. at 73-74, 105; and used his finger to penetrate Lewis's anus, see id. at 74-75. Lewis testified that Nurse Vance failed to document all of his

---

[1] The statute, amended on March 7, 2013, provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

injuries because Lieutenant Swayne instructed her not to "help" him. Id. at 102-03, 111. Lewis's description of his injuries is as follows: painful ribs and neck, bloody nose, sore neck, swollen lip, scars and abrasions on his face, and a chipped tooth. See id. at 106-11, 119-20. Lewis states that "they"[2] put a clean uniform on him, id. at 111, because there was "blood everywhere" after the incident, id. at 110.

Additionally, inmate Batie, who was behind Lewis in the escort line, testified that he saw McFarland slam Lewis to the ground, rub his head onto the concrete, and choke him. See Batie Dep. at 8-18, 26-27. According to Batie, Lewis's face "was scraped up from the concrete" and "he had a bandage on it." Id. at 16. Inmate Byrd, who was in front of Lewis in the escort line, testified that Lewis "had a rug burn and a few knots on his face," Byrd Dep. at 11, 12; he did not see any blood, see id. at 11; and he saw a white gauze "wrapping" on the right side of Lewis's face between his temple and his cheek that the medical personnel had applied, id. at 12, 21.

In Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), the Eleventh Circuit addressed the requirements of § 1997e(e):

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

---

[2] Lewis never clarified whether medical personnel or corrections officers instructed him to change to a clean uniform before Nurse Vance's examination. See Lewis Dep. at 111.

8

custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.

Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

As relevant to this action, the standard applicable to a constitutional excessive use of force case is as follows:

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations

>     omitted).[3] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).

Here, at a minimum, the record before the Court reflects a genuine issue of fact as to whether Lewis suffered multiple injuries from the February 24, 2011 confrontation with McFarland. In close proximity to the alleged assault,[4] Nurse Vance assessed Lewis's health at 10:50 a.m. and documented the following seven injuries: (1) superficial abrasion above the right eyebrow; (2) superficial abrasion at the right eyebrow with mild swelling; (3) upper lip; (4) chin; (5) left wrist; (6) right knee; and (7) left knee. See Def. Ex. C at 11, Diagram of Injury. Lewis himself testified as to his injuries, and his fellow inmates support his assertions. On this record, it appears that a genuine issue of material fact exists as to whether Lewis is entitled to compensatory and punitive damages. Moreover, as previously stated, Lewis testified that there were additional undocumented injuries as a result of the incident, see Lewis Dep. at 106, 119-20,

---

[3] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

[4] Notably, the alleged incident occurred at 10:35 a.m. on February 24, 2011. See Def. Ex. A.

departmental personnel provided him with a clean uniform since his pants and shirt had blood on them, see id. at 111, and medical personnel provided wound care for his injuries, see id. at 112. Given the record, including Lewis's testimony that McFarland's finger penetrated his anus, see id. at 74-75, as well as Byrd and Batie's testimony, see Batie Dep.; Byrd Dep., this Court finds that genuine issues of material fact preclude entry of partial summary judgment in favor of Defendant McFarland. As such, the Motion is due to be denied.

In consideration of the foregoing, it is now

**ORDERED**:

Defendant McFarland's Partial Motion for Summary Judgment (Doc. 294) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of December, 2017.

MARCIA MORALES HOWARD
United States District Judge

sc 12/8
c:
Counsel of Record

11